SOLOMON LOEB, APPELLANT, v. BENJAMIN A. WILLIS, RESPONDENT, IMPLEADED WITH OTHERS.

*Action to foreclose a mortgage—when a deficiency judgment cannot be entered.*

In this action, brought by the plaintiff to foreclose a mortgage given by the defendant, the usual judgment of foreclosure and sale, and for any deficiency that might arise thereon, was entered on January 8, 1879. On June 13, 1879, the plaintiff obtained an order vacating the judgment, and allowing him to amend by bringing in an additional party. Thereafter, and before any further proceedings were taken, another action was commenced to foreclose a prior mortgage upon the same premises, and under a decree in the latter action they were sold for an amount only sufficient to pay the said first mortgage and the costs of its foreclosure. Thereupon the plaintiff moved to vacate the order setting aside the judgment, and for a direction that a judgment for a deficiency be entered against the defendant for the full amount due on the second mortgage and the bond to which it was collateral.
*Held,* that the motion was properly denied, and that the plaintiff's remedy, if any, was by an action at law upon the bond.

APPEAL from an order made at Special Term, denying the plaintiff's motion to vacate an order previously entered by him, vacating his judgment in foreclosure ; and also denying his motion for a deficiency judgment against the defendant Willis, for the full amount of the bond, with interest and costs.

The plaintiff brought this action to foreclose a bond and mortgage made by the defendant Benjamin A. Willis, and on January 8, 1879, entered a judgment of foreclosure and sale in the usual form, with a direction for a judgment for any deficiency that might arise thereon against the said Willis. Thereafter, and on discovering that one Harriet A. Ackland, who claimed some interest in the land, had been omitted as a party, the plaintiff, on June 13, 1879, obtained an order permitting him to amend by making her a party and vacating the judgment theretofore obtained. Before any further proceedings were had, and in December, 1879, the first mortgagee of the premises, the plaintiff's mortgage being a second one, commenced an action to foreclose it, and proceeded to a judgment and sale, under a decree therein, thereby cutting off plaintiff's mortgage. The proceeds of this sale were only sufficient to satisfy the first mortgage and the costs of foreclosing it. Thereafter this plaintiff moved that the order vacating the judgment be vacated, that he have judgment in his suit, and that, as the collateral security was exhausted by the sale under the first mortgage, the plaintiff should at once have judgment for the deficiency, the whole amount of the loan and interest.

*Will Man*, for the appellant.

*William Little*, for the respondent.

BARRETT, J. :

We must not lose sight of the fact that this is simply an action to foreclose a mortgage. The defendant Willis's liability in such an action is pointed out by statute. It is for the residue of the debt remaining unsatisfied after a sale of the mortgaged property and the application of the proceeds pursuant to the directions contained in the final judgment. The plaintiff could have had the mortgaged property sold in this action, and the deficiency, if any, therein ascertained. Instead of that, he preferred to await a sale under the first mortgage. He now says that as this sale resulted in a deficiency, the property would certainly have brought nothing under his mortgage. He consequently claims a deficiency judgment against Willis for the full amount of the bond, with interest

and costs. To this we cannot think that he is now entitled. There is no such short cut to justice as the plaintiff imagines. The measure of the defendant's liability herein cannot be predicated of an incident *dehors* the plaintiff's foreclosure. The deficiency contemplated by the statute is such, and only such, as has been ascertained by an actual sale of the mortgaged premises under the plaintiff's judgment. The defendant is doubtless still liable upon his bond. That liability may well be the full amount of such bond and interest. But in reaching that result the forms of law cannot be disregarded, and the plaintiff must resort to the appropriate action to enforce that liability. In the present form of action he could not, for instance, join a count upon the bond and seek an independent judgment *in personam ;* nor during the pendency of the foreclosure proceedings could he even bring a separate action upon the bond without leave of the court. It is, therefore, quite clear that while his pleadings and proceedings remain unchanged, he cannot, upon a mere suggestion that his foreclosure *as such* has become futile, be permitted to enter what, though styled a deficiency judgment, is in reality equivalent to and in substance nothing more nor less than a direct judgment *in personam* upon the bond.

Nor is it absolutely certain, although, of course, extremely probable, that there would have been a deficiency in case the mortgaged property had been sold under the plaintiff's judgment. Still less certain is it as to the amount of such deficiency. The sale would have taken place at a different time and under different circumstances from the sale on the first mortgage. Be that as it may, the plaintiff had an ample opportunity to ascertain the deficiency in the regular and ordinary way and to enter his judgment thereon in the manner provided by law. Having failed to do this, he cannot now come in and on motion ask the court to adjudge that a deficiency of the entire amount of his bond and interest must necessarily have resulted from a sale of the mortgaged property under his judgment. This is asking the court to decree a deficiency which, in fact, does not exist, and which, owing to the course pursued by the plaintiff, cannot now be ascertained in the manner required by law.

The order was right, and should be affirmed, with $10 costs, and the disbursements of the appeal.

Davis, P. J., concurred.

Present—Davis, P. J., and Barrett, J.

Order affirmed, with $10 costs, and disbursements.